IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AGASI SIMONYAN,

        Petitioner,

v.                                                                          No. CV 10-331 LH/LAM

ERIC HOLDER, et al.

        Respondents.

### ORDER APPOINTING COUNSEL AND SETTING DEADLINES

**THIS MATTER** is before the Court *sua sponte*. Petitioner Agasi Simonyan is proceeding *in forma pauperis* and *pro se*. Mr. Simonyan brings a **Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** *(Doc. 1)*, alleging that his continued detention since June 24, 2009, by Respondents is unlawful and violates his due process rights. *Document 1* at 3, 7-8. On May 21, 2010, Respondent Ray Terry filed a **Motion to Dismiss Petition Without Prejudice** *(Doc. 9)*, arguing that Mr. Simonyan is not entitled to the relief he seeks under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because there is no final order of removal in his immigration proceedings (*Document 9* at 3-4), and because his claim challenging his detention pending a final order of removal in his immigration proceedings is without merit (*Document 9* at 4-11).

     A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice require appointment of counsel in this case because the Tenth Circuit Court of Appeals has not addressed the issue of the reasonableness of pre-final order of removal cases and because the area of law is new and evolving. *See, e.g., Rodrigques v. Holder*, No. 3:09cv1764, 2010 WL 830929, *5 (M.D. Pa. Mar. 4, 2010) (unpublished) (discussing a series of considerations

the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); *Prince v. Mukasey*, 593 F. Supp. 2d 727, 734 (M.D. Pa. 2008) (noting that "the case law review . . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order of removal detainees for a lengthy period may raise constitutional concerns"). Because of the complexity of the law and the nature of the factual issues raised in Mr. Simonyan's claims, the Court determines that the interests of justice warrant appointment of counsel in this case.

**IT IS THEREFORE ORDERED** that Charles Harwood be appointed in this case.

**IT IS FURTHER ORDERED** that Mr. Harwood shall supplement the pertinent pleadings and/or file a response to Respondent Terry's *Motion to Dismiss Petition Without Prejudice (Doc. 9)* within **thirty (30) days of entry of this order**. After such time, should further briefing or an evidentiary hearing be necessary, the Court will schedule accordingly.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**